**KRIS A. McLEAN**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**P.O. Box 8329**
**Missoula, MT 59807**
**105 E. Pine, 2nd Floor**
**Missoula, MT 59802**
**Phone: (406) 542-8851**
**FAX: (406) 542-1476**

# FILED

### FEB 0 6 2008

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

## MISSOULA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CR 08- 10 -M-DWM** |
| **Plaintiff,** | **INDICTMENT** |
| **vs.** | **CONSPIRACY TO COMMIT WIRE FRAUD**<br>Title 18 U.S.C. § 371 (Count I)<br>(Penalty: Five years imprisonment, $250,000 fine, and three years supervised release) |
| **JAY FRANDSEN,**<br>**JAY LOVELL SHUMWAY,**<br>**LARRY THERON HUTCHINGS, and**<br>**ROGER KEITH HUTCHINGS,** | **WIRE FRAUD**<br>Title 18 U.S.C. §§ 1343, 2 (Counts II, III, IV)<br>(Penalty: 20 years imprisonment, $250,000 fine, and five years supervised release) |
| **Defendants.** | **MONEY LAUNDERING**<br>Title 18 U.S.C. §§ 1957(a), 2 (Count V)<br>(Penalty: Ten years imprisonment, $250,000 fine, and three years supervised release) |
| | **MAIL FRAUD**<br>Title 18 U.S.C. § 1341 (Count VI)<br>(Penalty: 20 years imprisonment, $250,000 fine, and five years supervised release) |

THE GRAND JURY CHARGES:

1

COUNT I

That beginning in approximately February 2001, and continuing until the date of the Indictment, at Missoula, and other locations within the State and District of Montana, and other places, the defendants, JAY FRANDSEN, JAY LOVELL SHUMWAY, LARRY THERON HUTCHINGS, and ROGER KEITH HUTCHINGS, knowingly conspired to devise a material scheme to defraud, that is, to gain the confidence and trust of elderly persons in order to successfully solicit money in fraudulent investments, knowingly transmit, or cause the transmission by wire in interstate or foreign commerce, writings, signs, signals, pictures, or sounds for the purpose of executing such scheme in violation of 18 U.S.C. § 1343.

OVERT ACTS

In furtherance of the conspiracy described above, the defendants, JAY FRANDSEN, JAY LOVELL SHUMWAY, LARRY THERON HUTCHINGS, and ROGER KEITH HUTCHINGS, committed one or more of the following overt acts:

I.   *PATRICIA VANDERBECK*

    A.   *$40,000 Ruby Valley Bank Loan*

        1.   Sometime prior to February 2001, the defendant JAY FRANDSEN, befriended Patricia Vanderbeck, an elderly resident of Virginia City, Montana.

        2.   During the course of this relationship, JAY FRANDSEN gained Vanderbeck's trust and pitched various investment opportunities to Vanderbeck, one of which was an investment in a company named MyCel-Tec, which, according to FRANDSEN, was a company that

2

produced and sold chemicals used to prevent or remove "fairy rings" in lawns.

3.    On or about February 6, 2001, at Virginia City, the defendant, JAY FRANDSEN, signed a promissory note on behalf of MyCel-Tec promising to pay Patricia Vanderbeck the sum of $40,000 with interest at the rate of 10.70% per annum, as well as issued Vanderbeck 100,000 shares of MyCel-Tec stock.

4.    On or about February 6, 2001, at Virginia City, the defendant, JAY FRANDSEN, gave Patricia Vanderbeck a stock certificate reflecting that Patricia Vanderbeck owned 100,000 shares of stock in MyCel-Tec.

5.    On or about February 6, 2001, at Sheridan, Montana, the defendant, JAY FRANDSEN, induced or otherwise persuaded Patricia Vanderbeck to obtain a loan from the Ruby Valley Bank in the amount of $40,000.

6.    On or about February 6, 2001, at Sheridan, the defendant, JAY FRANDSEN, induced or otherwise persuaded Patricia Vanderbeck to purchase an official check from the Ruby Valley Bank with the proceeds of the $40,000 loan in the name of Omega Resources.

7.    On or about February 6, 2001, at Helena, Montana, the defendant, JAY FRANDSEN, deposited the Ruby Valley Bank check purchased by Patricia Vanderbeck into an account owned by

Omega Resources, LLC., account number xxxxxxxx1834, at US Bank.

8.      On February 8, 2001, at Helena, the defendant, JAY FRANDSEN, wire transferred $40,000 from the Omega Resources, LLC account at US Bank to an account owned by Marcher Carriers at the First National Bank of Southern Africa in Johannesburg, South Africa.

B.      *$38,000 Sage Capital Home Loan*

9.      In October 2001, at Virginia City, the defendant, JAY FRANDSEN, convinced Patricia Vanderbeck to invest additional money in MyCel-Tec by borrowing against the equity in her home, promising to repay Vanderbeck's home equity loan and pay Vanderbeck a substantial amount of compensation for the use of the money.

10.     In October 2001, the defendant, JAY FRANDSEN, arranged a $38,000 home equity loan for Vanderbeck from Sage Capital of Bountiful, Utah, which required full repayment within 30 days.

11.     On October 17, 2001, the defendant, JAY FRANDSEN, caused the net proceeds of Patricia Vanderbeck's home equity loan from Sage Capital in the amount of $34,422.02 to be wire transferred into account number xxxxx6893 owned by another defendant, ROGER KEITH HUTCHINGS, at Zion's First National Bank, Kamas, Utah.

4

C.    *$9,000 First Citizen's Car Loan*

12.    In or about November 2001, at Virginia City, the defendant, JAY FRANDSEN, convinced Patricia Vanderbeck to obtain a loan against her 1999 Buick Regal in order to make another investment in MyCel-Tec.

13.    On or about November 20, 2001, at Butte, Montana, the defendant, JAY FRANDSEN, induced or otherwise persuaded Patricia Vanderbeck to endorse and give him a $9,000 cashier's check representing the proceeds of a loan Vanderbeck had obtained at First Citizen's Bank of Butte.

D.    *$3,000 Sale of Washington Real Estate*

14.    In late 2001, at Virginia City, the defendant, JAY FRANDSEN, convinced Patricia Vanderbeck to sell real estate that she owned in Indianola, Washington, in order to make additional investments in MyCel-Tec.

15.    On or about December 19, 2001, at Sheridan, the defendant, JAY FRANDSEN, induced or otherwise persuaded Patricia Vanderbeck to wire transfer $3,000, representing proceeds from the sale of Vanderbeck's Washington property, from her account at the Ruby Valley Bank to FRANDSEN's benefit.

E.    *$85,000 Washington Home Equity Loan*

16.    When the defendant, JAY FRANDSEN, failed to pay Patricia Vanderbeck's home equity loan from Sage Capital within the terms

5

of the loan, he convinced her, in or about April 2002, to obtain a loan from Washtenaw Mortgage Company of Ann Arbor, Michigan, in the amount of $85,000.

17.     On or about April 30, 2002, at Ennis, Montana, the defendant, JAY FRANDSEN, caused a wire transfer in the amount of $24,595.58, the remainder of Vanderbeck's loan proceeds after payment of the Sage Capital loan, from the Valley Bank of Ennis to FRANDSEN's Amcoa Ltd. Inc. account at First Citizens Bank, Butte, Montana, account number xx6380.

F.     *$50,000 Merrill Lynch Liquidation*

18.     In October 2003, at Virginia City, the defendants, JAY FRANDSEN and ROGER KEITH HUTCHINGS, pressured Patricia Vanderbeck to provide an additional $50,000 for an investment, explaining to Vanderbeck that a considerable number of investors had provided money for the project but additional money was required in order to make these prior investments pay off.

19.     At that time, the defendants, JAY FRANDSEN and ROGER KEITH HUTCHINGS, warned Vanderbeck that the entire investment project depended on an infusion of her money and that if her money was not received, the entire project could fall apart, but HUTCHINGS assured her, if all else failed, he would sell a large tract of land he owned in the Salt Lake City, Utah area, and make all the investors whole.

20.    In October 2003, when Patricia Vanderbeck balked at making the additional $50,000 investment, the defendants, JAY FRANDSEN, ROGER KEITH HUTCHINGS, and LARRY THERON HUTCHINGS introduced defendant JAY LOVELL SHUMWAY to Vanderbeck, representing him to be a financial advisor.

21.    During October 2003, at Virginia City, the defendant, JAY LOVELL SHUMWAY, in a telephone conversation, assured Patricia Vanderbeck that, after reviewing her Merrill Lynch account statements, she had sufficient money to make the additional $50,000 investment.

22.    On October 20, 2003, the defendant, JAY FRANDSEN, in order to persuade Patricia Vanderbeck to make an additional $50,000 investment, signed an agreement wherein FRANDSEN agreed to (a) restore the value of Vanderbeck's stock investments in the amount of $246,000, (b) to repay the balance of the $40,000 note at Ruby Valley Bank, (c) to repay the balance of the $10,000 note to First Citizens Bank, (d) to repay the $85,000 home equity loan, and (e) to repay the $17,000 amount Vanderbeck had obtained from the sale of Washington property.

23.    On October 20, 2003, the defendant, JAY FRANDSEN, signed a "repayment agreement" in which FRANDSEN acknowledged receiving the approximate sum of $187,000 from Patricia Vanderbeck and using it to finance a "South Africa financial

7

transaction" and represented that Patricia Vanderbeck had agreed to provide FRANDSEN an additional $48,500 "to finalize the South Africa financial transaction."

24.     On October 20, 2003, in the "repayment agreement," the defendant, JAY FRANDSEN, agreed to repay Patricia Vanderbeck approximately $227,000 in principle from the proceeds from the "South Africa financial transaction" and/or "from the proceeds of other business interests or revenue sources."

25.     On October 20, 2003, the defendant, JAY FRANDSEN, provided Patricia Vanderbeck a "Letter of Security" dated February 20, 2002, signed by the defendants, JAY FRANDSEN and ROGER KEITH HUTCHINGS, in which they assert that Vanderbeck's funds were "used for the purpose of securing a loan from Dr. Johnson Buakvu in South Africa" and "all notes with agreed interest would be paid in full out of the South African funds when they are received in US Bank in Great Falls, Montana."

26.     On or about October 20, 2003, the defendant, JAY LOVELL SHUMWAY drafted a "Letter of Authorization" dated October 15, 2003 for Patricia Vanderbeck's signature, which purported to direct Ryan Clements, Financial Advisor, to liquidate the holdings in Patricia Vanderbeck's Merrill Lynch account and transfer $50,000 to the Cornerstone Enterprises, LLC, account number xxxxx1391, at Zion's First National Bank, Kamas, Utah.

8

27.     On or about October 20, 2003, at Missoula, the defendant, JAY
        LOVELL SHUMWAY, electronically transmitted the "Letter of
        Authorization" he had drafted for Patricia Vanderbeck's signature to
        "Daniel Shield" with a cover memo requesting Shield obtain Patricia
        Vanderbeck's signature and forward the original to Ryan Clements
        via overnight mail.

28.     On October 22, 2003, the defendants JAY FRANDSEN, ROGER
        KEITH HUTCHINGS, LARRY THERON HUTCHINGS, and JAY
        LOVELL SHUMWAY, initiated and caused the wire transfer of
        $50,000 from Patricia Vanderbeck's Merrill Lynch account at
        Spokane, Washington to account number xxx-xx139-1, owned by
        Cornerstone Enterprises LLC, at Zion's First National Bank.

29.     On or about October 22, 2003, the defendant, JAY FRANDSEN,
        exercised his signature authority on account number xxx-xx139-1,
        owned by Cornerstone Enterprises LLC, at Zion's First National
        Bank, to distribute Patricia Vanderbeck's money by check number
        116 in the amount of $9,000 to cash, and by check number 117 in
        the amount of $7,000 to defendant, LARRY THERON
        HUTCHINGS.

30.     On or about October 23, 2003, the defendant, JAY FRANDSEN,
        exercised his signature authority on account number xxx-xx139-1,
        owned by Cornerstone Enterprise, LLC, at Zion's First National
        Bank, to further distribute Patricia Vanderbeck's money by check

number 118 in the amount of $2,000 to cash, check number 119 in the amount of $7,000 to defendant LARRY THERON HUTCHINGS, and check number 120 in the amount of $7,000 to cash.

31.   On or about October 28, 2003, the defendant, JAY FRANDSEN, exercised his signature authority on account number xxx-xx139-1, owned by Cornerstone Enterprise, LLC, at Zion's First National Bank, to further distribute Patricia Vanderbeck's money by check number 121 in the amount of $3,900 to defendant, ROGER KEITH HUTCHINGS, check number 122 in the amount of $6,600 to cash, and check number 123 in the amount of $2,100 to defendant, LARRY THERON HUTCHINGS.

G.   *$13,919.94 Trustee Sale Merrill Lynch Liquidation*

32.   In December 2003, after Patricia Vanderbeck was notified that her home was to be sold at a trustee's sale in early January 2004 to satisfy the $85,000 mortgage to Washtenaw Mortgage Company, the defendant, JAY FRANDSEN, obtained defendant JAY LOVELL SHUMWAY's assistance in stopping the sale of the Vanderbeck home.

33.   In December 2003, or early January 2004, the defendant, JAY LOVELL SHUMWAY, traveled to Virginia City, Montana, and met with Patricia Vanderbeck concerning the impending trustee's sale

of her home, also obtaining the name of the law firm handling the trustee sale and other relevant information.

34.     On or about January 7, 2004, the defendant, JAY LOVELL SHUMWAY, drafted a "Letter of Authorization," for Patricia Vanderbeck's signature, which directed the Clements group at Merrill Lynch to distribute $13,919.94 from Patricia Vanderbeck's cash account and transfer the same to Merrill Lynch's Cottonwood, Utah office for pick-up by the defendant, JAY LOVELL SHUMWAY.

35.     On or about January 7, 2004, at Virginia City, the defendant, JAY LOVELL SHUMWAY, electronically transmitted the "Letter of Authorization" he had drafted for Patricia Vanderbeck's signature to Julie Luke, with a cover memo and a note to "Patricia" which requested that Patricia Vanderbeck sign the letter of authorization and fax it to the Merrill Lynch office in Spokane, Washington.

36.     On or about January 8, 2004, the defendant, JAY LOVELL SHUMWAY, induced or persuaded Patricia Vanderbeck to wire transfer $13,919.94 from her Merrill Lynch account at Spokane, Washington, to the Merrill Lynch office in Cottonwood, Utah.

37.     On or about January 8, 2004, the defendant, JAY LOVELL SHUMWAY, picked up a check in the amount of $13,919.94 at the Merrill Lynch office in Cottonwood, Utah, and deposited it to his personal bank account at Wells Fargo Bank in Midvale, Utah.

38.     On or about January 12, 2004, the defendant, JAY LOVELL
        SHUMWAY, wire transferred $11,019.94 from his personal bank
        account at Wells Fargo Bank at Midvale, Utah, to the law firm of
        Mackoff Kellogg in Dickinson, North Dakota, retaining $2,900 of
        Patricia Vanderbeck's money for himself.

H.     **$3,000 Legal Fee Merrill Lynch Liquidation**

39.     Sometime prior to January 27, 2004, at Virginia City, the defendant,
        JAY LOVELL SHUMWAY, advised Patricia Vanderbeck that he
        had spent $3,000 to cover a legal fee associated with staving off
        the trustee's sale of her home.

40.     On or about January 27, 2004, the defendant, JAY LOVELL
        SHUMWAY, drafted a "Letter of Authorization," for Patricia
        Vanderbeck's signature, which directed the Clements Group to
        transfer $3,000 from Patricia Vanderbeck's cash account to Merrill
        Lynch's Cottonwood, Utah, office for SHUMWAY to pick-up.

41.     On or about January 27, 2004, the defendant, JAY LOVELL
        SHUMWAY, electronically transmitted the "Letter of Authorization"
        he had drafted, with a cover memo and note from "Patricia
        Vanderbeck" to Merrill Lynch's office in Spokane, Washington.

42.     On or about January 28, 2004, the defendant, JAY LOVELL
        SHUMWAY, initiated or caused a wire transfer of $3,000 from
        Patricia Vanderbeck's Merrill Lynch account at Spokane,
        Washington, to SHUMWAY in Utah.

*I.*   *Confidence Payments*

43.   During the period of the conspiracy, the defendant, JAY FRANDSEN, repeatedly promised Patricia Vanderbeck that he would repay the various loans Patricia Vanderbeck had obtained in order to make investments in MyCel-Tec.

44.   On the dates listed below under the column headed "date," and in the amount listed below under the column headed "amount," the defendant, JAY FRANDSEN, to maintain Patricia Vanderbeck's confidence, lull her into a false sense of financial security, and prevent or delay her possible disclosure of the MyCel-Tec scheme to others, made payments for Patricia Vanderbeck's benefit on loans she had obtained in order to make investments in MyCel-Tec as follows:

| DATE | AMOUNT |
|------|--------|
| 05/30/01 | $    800.00 |
| 07/07/01 | $ 1,200.00 |
| 03/28/02 | $    300.00 |
| 05/01/02 | $    476.88 |
| 05/06/02 | $ 2,500.00 |
| 06/05/02 | $    739.74 |
| 06/28/02 | $    298.44 |
| 06/28/02 | $    739.74 |
| 08/08/02 | $    739.73 |
| 08/09/02 | $    269.22 |
| 11/15/02 | $    739.73 |

| DATE | AMOUNT |
|------|--------|
| 11/30/02 | $    269.22 |
| 04/04/03 | $ 2,000.00 |
| 04/18/03 | $    500.00 |
| 09/03/03 | $    600.00 |
| 06/02/04 | $    200.00 |
| 08/09/04 | $ 2,965.85 |
| 09/29/04 | $    952.96 |
| 10/08/04 | $ 1,000.00 |
| 10/23/04 | $ 5,000.00 |
| 10/30/04 | $    952.96 |
| TOTAL | $23,244.47 |

II.   *GRACE CALDWELL*

45.   Sometime during late 2003, the defendant, JAY FRANDSEN, befriended Grace Caldwell, an elderly woman residing at Sheridan, Montana.

46.   After gaining Caldwell's friendship and trust, the defendant, JAY FRANDSEN, convinced Caldwell to invest money in MyCel-Tec, representing the company to be in the business of producing and selling a product that eliminated "fairy rings" from lawns.

47.   On July 19, 2004, at Sheridan, the defendant, JAY FRANDSEN, signed a promissory note, together with Grace Caldwell, documenting a $30,000 loan from Associated Investors, Ltd., of Logan, Utah.

14

48.   On July 19, 2004, at Sheridan, the defendant, JAY FRANDSEN, signed a Deed of Trust on Grace Caldwell's home in Sheridan, designed to secure the $30,000 loan from Associated Investors, Ltd., of Logan, Utah.

49.   On July 20, 2004, the defendants, JAY FRANDSEN and LARRY THERON HUTCHINGS, met with Heber Hardman of Associated Investors, Ltd. to obtain the proceeds of the $30,000 loan secured by Caldwell's home.

50.   On July 20, 2004, the defendant, JAY FRANDSEN, received proceeds of the loan secured by Caldwell's home in the form of check number 150, drawn on the account of Associated Investors Partnership at Cache Valley Bank, Logan, Utah, made to FRANDSEN in the amount of $10,000.

51.   On July 20, 2004, the defendant, LARRY THERON HUTCHINGS, received proceeds of the loan secured by Caldwell's home in the form of check number 151, drawn on the account of Associated Investors Partnership at Cache Valley Bank, Logan, Utah, made to HUTCHINGS in the amount of $10,000.

52.   On July 20, 2004, the defendants, JAY FRANDSEN and LARRY THERON HUTCHINGS, received proceeds of a loan secured by Caldwell's home in the form of a $10,000 wire transfer, drawn on the account of Associated Investors Partnership at Cache Valley

Bank, and transmitted to the account of Cornerstone Enterprises at Zion's Bank in Kamas, Utah.

53.     After Grace Caldwell sold her home to a third party in mid-September, 2004, in order to payoff the loan from Associated Investors, Ltd. secured by Caldwell's home, and to keep Caldwell's $30,000 investment in MyCel-Tec for themselves, the defendants, JAY FRANDSEN and LARRY THERON HUTCHINGS, on or about September 14, 2004, caused proceeds of the sale in the approximate amount of $37,368.36 to be wire transferred to Heber Hardman at Associated Investor's Ltd. in Utah, as payment of the loan secured by Caldwell's home.

54.     After Grace Caldwell passed away in November 2005, in response to the efforts of an attorney representing Caldwell's estate to collect Caldwell's $30,000 "investment," the defendant, JAY FRANDSEN, on or about July 27, 2006, drafted, signed, and mailed a letter from South Jordan, Utah, to Dillon, Montana, stating, "In response to your letter of July 17, 2006, and your allegations of an outstanding loan of $30,000, I am sure your records will show this obligation was satisfied in its entirety in 2005."

All in violation of 18 U.S.C. § 371.

## COUNT II

That on or about October 20, 2003, at Missoula, within the State and District of Montana, the defendant, JAY LOVELL SHUMWAY, having devised a material scheme or artifice to defraud, did, in furtherance of said scheme, knowingly cause a fax cover memo dated October 20, 2003, and letter of authorization dated October 15, 2003, for the signature of Patricia Vanderbeck, to be transmitted by means of wire in interstate commerce from Utah to Montana, in violation of 18 U.S.C. §§ 1343, 2.

The scheme, its principals, manner and object are fully described in paragraphs 1 through 44 of Count I, which are incorporated in Count II by reference as if fully set forth.

## COUNT III

That on or about January 7, 2004, at Virginia City, within the State and District of Montana, the defendant JAY LOVELL SHUMWAY, having devised a material scheme or artifice to defraud, did, in furtherance of said scheme, knowingly cause a fax cover memo dated January 7, 2004, and a letter of authorization dated January 7, 2004, for the signature of Patricia Vanderbeck, to be transmitted by means of wire in interstate commerce from Utah to Montana, in violation of 18 U.S.C. § 1343.

The scheme, its principals, manner and objects are fully described in paragraphs 1 through 44 of Count I, which are incorporated in Count III by reference as if fully set forth.

## COUNT IV

That on or about September 14, 2004, at Sheridan, within the State and District of Montana, the defendants, JAY FRANDSEN and LARRY THERON HUTCHINGS,

17

having devised a material scheme or artifice to defraud, did, in furtherance of said scheme or artifice, knowingly cause money in the approximate amount of $37,368.36 to be transmitted by means of wire in interstate commerce from Montana to Utah, in violation of 18 U.S.C. §§ 1343 and 2.

The scheme, its principals, manner and objects are fully described in paragraphs 45 through 54 of Count I, which are incorporated in Count IV by reference as if fully set forth.

## COUNT V

That on or about September 14, 2004, at Sheridan, within the State and District of Montana, the defendants, JAY FRANDSEN and LARRY THERON HUTCHINGS, knowingly engaged in a monetary transaction in criminally derived property (wire fraud in violation of 18 U.S.C. § 1343 as alleged in Count IV), that is, the defendants caused the transfer in interstate commerce of $37,368.36 by First American Title Company of Madison County, a financial institution, into the account of Associated Investors Partnership at Cache Valley Bank, Logan, Utah, in violation of 18 U.S.C. §§ 1957(a) and 2.

The scheme, its principals, manner and objects are fully described in paragraphs 45 through 54 of Count I, which are incorporated in Count V by reference as if fully set forth.

## COUNT VI

That on or about July 27, 2006, at Dillon, within the State and District of Montana, the defendant, JAY FRANDSEN, having devised a material scheme or artifice to defraud, did, in furtherance of said scheme, knowingly cause a letter dated July 27,

18

2006, addressed to "Thomas R. Scott, Attorney, 134 Reader Street, Dillon, Montana 59725" to be sent or delivered by the postal service or private or commercial interstate carrier, in violation of 18 U.S.C. § 1341.

The scheme, its principals, manner and objects are fully described in paragraphs 45 through 54 of Count I, which are incorporated in Count VI by reference as if fully set forth.

A TRUE BILL.

_____
FOREPERSON

_____
WILLIAM W. MERCER
United States Attorney
Attorney for Plaintiff

_____
CARL E. ROSTAD
Criminal Chief Assistant U.S. Attorney
Attorney for Plaintiff

WARRANT_____

BAIL_____

CRM/SUM ✓✓✓ (4 Defs.)

Return - 2/28/08 @ 10:30 am
Judge Lynch

# United States District Court

### District of Montana, Missoula Division

UNITED STATES OF AMERICA

vs.

**Jay Frandsen**
9774 South Redwood Road
South Jordan, UT 84095

**SUMMONS IN A CRIMINAL CASE**

Case Number: CR-08-10-M-DWM-01

YOU ARE HEREBY SUMMONED to appear before the United States District Court at the place, date and time set forth below.

| PLACE: | U.S. DISTRICT COURT<br>201 E. BROADWAY<br>MAGISTRATE COURTROOM<br>MISSOULA, MT 59801 | **DATE:**<br>February 28, 2008 |
|---|---|---|
| BEFORE: | HONORABLE JEREMIAH C. LYNCH<br>UNITED STATES MAGISTRATE JUDGE | **TIME:**<br>10:30 a.m. |

To answer the Indictment charging you with a violation of Title 18 United States Code, Section [s] 371 - Count 1; Title 18 United States Code, Section [s] 1343 - Count IV, Title 18 United States Code, Section [s]  1957(a) - Count V, Title 18 United States Code, Section [s]  1341 - Count VI  .

Brief description of offense: Conspiracy to Commit Wire Fraud, Wire Fraud, Money Laundering, Mail Fraud.

CERTIFIED COPY OF CHARGING DOCUMENT ATTACHED.

Assigned to:  Kris Mclean
Assistant U.S. Attorney

Signature of Issuing Officer

Date:  February 8, 2008

**COLEEN D. HANLEY, DEPUTY CLERK**
Name and Title of Issuing Officer

## RETURN

THIS SUMMONS WAS SERVED ON THE ABOVE-NAMED DEFENDANT AT:

DATE OF SERVICE:

RETURNED ON:

BY:                                      DEPUTY U.S. MARSHAL

DWIGHT MACKAY
UNITED STATES
MARSHAL

# United States District Court

## District of Montana, Missoula Division

UNITED STATES OF AMERICA

     vs.

**Jay Lovell Shumway**
4633 W. 10600 N.
Highland, UT 84003

**SUMMONS IN A CRIMINAL CASE**

Case Number: CR-08-10-M-DWM-02

     YOU ARE HEREBY SUMMONED to appear before the United States District Court at the place, date and time set forth below.

| **PLACE:** | U.S. DISTRICT COURT<br>201 E. BROADWAY<br>MAGISTRATE COURTROOM<br>MISSOULA, MT 59801 | **DATE:**<br>February 28, 2008 |
|---|---|---|
| **BEFORE:** | HONORABLE JEREMIAH C. LYNCH<br>UNITED STATES MAGISTRATE JUDGE | **TIME:**<br>10:30 a.m. |

To answer the Indictment charging you with a violation of Title 18 United States Code, Section [s] 371 - Count 1; Title 18 United States Code, Section [s] 1343, 2 - Count II - III.

Brief description of offense: Conspiracy to Commit Wire Fraud, and Wire Fraud.
CERTIFIED COPY OF CHARGING DOCUMENT ATTACHED.

Assigned to:  Kris Mclean
               Assistant U.S. Attorney

_Coleen Hanley_
Signature of Issuing Officer

Date:  February 8, 2008

**COLEEN D. HANLEY, DEPUTY CLERK**
Name and Title of Issuing Officer

## RETURN

THIS SUMMONS WAS SERVED ON THE ABOVE-NAMED DEFENDANT AT:

| | |
|---|---|
| DATE OF SERVICE: | **DWIGHT MACKAY** |
| RETURNED ON: | UNITED STATES MARSHAL |
| BY: | DEPUTY U.S. MARSHAL |

# United States District Court

## District of Montana, Missoula Division

UNITED STATES OF AMERICA

**SUMMONS IN A CRIMINAL CASE**

vs.

**Larry Theron Hutchings**
9753 Pine Meadow Way
South Jordan, UT 84095

Case Number: CR-08-10-M-DWM-03

YOU ARE HEREBY SUMMONED to appear before the United States District Court at the place, date and time set forth below.

| PLACE: | U.S. DISTRICT COURT<br>201 E. BROADWAY<br>MAGISTRATE COURTROOM<br>MISSOULA, MT 59801 | DATE:<br>February 28, 2008 |
|---|---|---|
| BEFORE: | HONORABLE JEREMIAH C. LYNCH<br>UNITED STATES MAGISTRATE JUDGE | TIME:<br>10:30 a.m. |

To answer the Indictment charging you with a violation of Title 18 United States Code, Section [s] 371 - Count 1; Title 18 United States Code, Section [s] 1343, 2 - Count IV; Title 18 United States Code, Section [s] 1957(a) - Count V.

Brief description of offense: Conspiracy to Commit Wire Fraud, Wire Fraud, Money Laundering.

CERTIFIED COPY OF CHARGING DOCUMENT ATTACHED.

Assigned to:  Kris Mclean
              Assistant U.S. Attorney

_Coleen Hanley_
Signature of Issuing Officer

Date:  February 8, 2008

**COLEEN D. HANLEY, DEPUTY CLERK**
Name and Title of Issuing Officer

## RETURN

THIS SUMMONS WAS SERVED ON THE ABOVE-NAMED DEFENDANT AT:

DATE OF SERVICE:

RETURNED ON:

BY: _____ **DEPUTY U.S. MARSHAL**

*DWIGHT MACKAY*
**UNITED STATES MARSHAL**

# United States District Court

## District of Montana, Missoula Division

UNITED STATES OF AMERICA

vs.

**Roger Keith Hutchings**
9786 S. Redwood Road
South Jordan, UT 84095

**SUMMONS IN A CRIMINAL CASE**

Case Number: CR-08-10-M-DWM-04

YOU ARE HEREBY SUMMONED to appear before the United States District Court at the place, date and time set forth below.

| PLACE: | U.S. DISTRICT COURT<br>201 E. BROADWAY<br>MAGISTRATE COURTROOM<br>MISSOULA, MT 59801 | DATE:<br>February 28, 2008 |
|---|---|---|
| BEFORE: | HONORABLE JEREMIAH C. LYNCH<br>UNITED STATES MAGISTRATE JUDGE | TIME:<br>10:30 a.m. |

To answer the Indictment charging you with a violation of Title 18 United States Code, Section [s] 371 - Count 1.

Brief description of offense: Conspiracy to Commit Wire Fraud

CERTIFIED COPY OF CHARGING DOCUMENT ATTACHED.

Assigned to:  Kris Mclean
Assistant U.S. Attorney

Signature of Issuing Officer

Date:  February 8, 2008

**COLEEN D. HANLEY, DEPUTY CLERK**
Name and Title of Issuing Officer

## *R E T U R N*

THIS SUMMONS WAS SERVED ON THE ABOVE-NAMED DEFENDANT AT:

| | |
|---|---|
| **DATE OF SERVICE:** | *DWIGHT MACKAY* |
| **RETURNED ON:** | **UNITED STATES MARSHAL** |
| **BY:**      **DEPUTY U.S. MARSHAL** | |